[Cite as *State v. Martin*, 2018-Ohio-868.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2017-CA-51 |
| | : | |
| v. | : | Trial Court Case No. 2016-CR-626 |
| | : | |
| TRACY MARTIN | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 9th day of March, 2018.

. . . . . . . . . .

ANDREW P. PICKERING, Atty. Reg. No. 0068770, Clark County Prosecutor's Office, Appellate Division, 50 E. Columbia Street, 4th Floor, Springfield, Ohio 45501
    Attorney for Plaintiff-Appellee

P.J. CONBOY II, Atty. Reg. No. 0070073, 5613 Brandt Pike, Huber Heights, Ohio 45424
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Tracy Martin appeals from his May 22, 2017 conviction and sentence to an aggregate term of five years in prison for one count of possession of heroin, a third-degree felony, and one count of illegal conveyance of drugs of abuse onto the grounds of a detention facility, also a third-degree felony, after he entered guilty pleas to these charges. Martin's counsel filed a brief under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that there are no issues with arguable merit to be raised in this appeal. By order filed November 29, 2017, we informed Martin that the *Anders* brief had been filed and advised him of his right to file his own brief and the time limit for doing so. Martin has not filed a pro se brief, and the time for filing has expired.

### The Facts and Course of Proceedings

{¶ 2} On March 18, 2016 shortly after midnight, Tracy Martin was stopped for a marked-lanes violation after Trooper Baker of the Ohio State Patrol observed him driving over a dotted white lane marker, twice, with the vehicle's right tires on Spring Street, State Route 72, in Springfield, Ohio. Upon checking Martin's driver's-license information, it was learned that he had an outstanding warrant for arrest out of Clark County for a probation violation and a warrant for arrest out of the City of Springfield for falsification and criminal trespassing. Martin was placed under arrest. While escorting Martin to jail, Baker advised him that if he had any hidden contraband on his body he would be charged with a felony. Upon being booked into the Clark County Jail, three baggies of suspected drugs were found in Martin's underwear. He was found to be in possession of 7.97 grams of cocaine, 7.07 grams of heroin and fentanyl, and some marijuana.

{¶ 3} On December 27, 2016, Martin was indicted for count one, possession of

heroin, (F3); count two, aggravated possession of drugs (F5); count three, possession of cocaine (F4); and count four, illegal conveyance of drugs of abuse onto a detention facility (F3).

{¶ 4} On April 21, 2017 Martin, represented by counsel, entered guilty pleas to count one and count four of the indictment in exchange for dismissal of counts two and three of the indictment. Other than a referral for a presentence investigation prior to disposition, there was no sentencing agreement. The trial court reviewed with Martin the written plea agreement form that he signed. (Doc. #12). The trial court complied with Crim.R. 11 and reviewed with Martin the applicable penalties and consequences of his plea agreement with the State. The court explained that the prison penalties for the offenses could be imposed consecutively for a potential total of six years in prison. The court determined Martin understood the nature of the offenses, the elements involved, the rights he was giving up, and that he entered his pleas knowingly, voluntarily, and intelligently. A presentence-investigation report was ordered.

{¶ 5} At sentencing on May 19, 2017, the trial court referred to the presentence investigation which, as the State pointed out, indicated that Martin had multiple contacts with Springfield juvenile court, including several probation violations. Martin also had a 2003 adult felony conviction for carrying a concealed weapon in Springfield and an armed Robbery conviction in 2004 in Decatur, Georgia for which he served twelve years in prison. In light of this history, the trial court found that consecutive sentences were necessary to protect the public from future crime and to punish the defendant and that they were not disproportionate to the seriousness of his conduct and the danger he poses to the public. The trial court imposed a thirty-month prison sentence for each offense to

be served consecutively for an aggregate of five years and applicable post-release control. The judgment entry of conviction (Doc. #13) indicates that the trial court considered the purposes and principles of sentencing and the seriousness and recidivism factors in R.C. 2929.11 and 2929.12. The consecutive-sentence findings pursuant to R.C. 2929.14(C)(4) also were included in the entry as were the terms of post-release control.

## Potential Issues for Review

{¶ 6} In the *Anders* filing, appellate counsel does not specifically identify potential assignments of error but does relate that the only possible issues are with regard to sentencing and the pleas. Counsel indicates though that the trial court correctly advised Martin of the rights and penalties involved and found the pleas to be voluntary. Counsel also indicates that the potential penalties for the offenses are from nine to thirty-six months for each offense. The brief also notes that the trial court made the consecutive-sentence findings required by R.C. 2929.14(C)(4). Counsel concludes that he is unable to locate any non-frivolous issues for appeal. We agree.

{¶ 7} Having reviewed the entire record, including a PSI report and the plea and sentencing hearing transcripts, we agree with appointed counsel's assessment that there are no appealable issues with arguable merit. The trial court conducted a thorough Crim.R. 11 plea hearing and concluded that Martin knowingly, voluntarily, and intelligently waived his rights and entered his pleas. Likewise, with regard to the two thirty-month sentences imposed, they are within the appropriate statutory range and are not contrary to law. The trial court made the findings necessary to impose consecutive sentences and the record contains evidence to support them. "[A]n appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that

the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1. We can conceive of no reasonable, potentially meritorious appellate argument in this case that would support Martin's cause.

### *Anders* review

{¶ 8} We independently have conducted a thorough and complete examination of all the proceedings to decide whether this appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), citing *Anders* at 744. We have reviewed the docket, the various filings, the written transcript of the plea and sentencing hearings, the presentence investigation report, and the sentencing entry. We have found no non-frivolous issues for review. Accordingly, the judgment of the Clark County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and FROELICH, J., concur.

Copies mailed to:

Andrew P. Pickering
P.J. Conboy, II
Tracy Martin
Hon. Douglas M. Rastatter